**Robert D. Scholz**, OSB #773379
E-mail: rschols@msmlegal.com
MacMILLAN SCHOLZ & MARKS, P.C.
Attorneys at Law
900 SW 5th Avenue, Suite 1800
Portland, Oregon 97204
Telephone: (503) 224-2165
Facsimile: (503) 224-0348

**Kristin M. Asai**, OSB #103286
E-mail: kristinasai@markowitzherbold.com
**Matthew A. Levin**, OSB #003054
E-mail: mattlevin@markowitzherbold.com
Markowitz Herbold, PC
Attorneys at Law
1211 SW 5th Avenue, Suite 3000
Portland, Oregon 97204
Telephone: (503) 295-3085
Facsimile: (503) 332-9015
        Attorneys for Defendant
        Suzanne Young

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TAISSA AND RAY ACHCAR-WINKELS, individually and as Parents and Next Friends of S.A., a minor**, <br><br> Plaintiffs, <br><br> v. <br><br> **LAKE OSWEGO SCHOOL DISTRICT, an Oregon municipal corporation; HEATHER BECK, an individual; JENNIFER SCHIELE, an individual; IAN LAMONT, an individual; KAYLA NORDLUM, an individual; ASHLEY NORDLUM, an individual; and SUZANNE YOUNG, an individual; and UNKNOWN STAFF, unknown individuals**, <br><br> Defendants. | Case No. 3:15-cv-00385-ST <br><br><br> **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT SUZANNE YOUNG TO PLAINTIFFS' THIRD AMENDED COMPLAINT** |

For Answer to plaintiffs' Third Amended Complaint, defendant Suzanne Young ("Young") admits, denies and alleges as follows:

### I. INTRODUCTION

1. To the extent paragraph 1 is directed against defendant Young, paragraph 1 is denied.

2. Defendant Young denies paragraph 2.

### II. DECISION TO FILE THIS LAWSUIT

3. To the extent paragraph 3 is directed against defendant Young, paragraph 3 is denied.

4. To the extent paragraph 4 is directed against defendant Young, paragraph 4 is denied.

5. To the extent paragraph 5 is directed against defendant Young, paragraph 5 is denied.

6. Paragraph 6 is not directed against defendant Young, therefore no response is necessary.

7. Paragraph 7 is not directed against defendant Young, therefore no response is necessary.

8. Paragraph 8 is not directed against defendant Young, therefore no response is necessary.

9. Paragraph 9 is not directed against defendant Young, therefore no response is necessary.

10. Defendant Young denies paragraph 10.

11. Defendant Young denies paragraph 11.

12. Defendant Young denies paragraph 12.

### III. JURISDICTION AND VENUE

13. To the extent paragraph 13 is directed against defendant Young, paragraph 13 is denied.

14. To the extent paragraph 14 is directed against defendant Young, paragraph 14 is denied.

15. To the extent paragraph 15 is directed against defendant Young, paragraph 15 is denied.

### IV. PARTIES

16. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, therefore denies the same.

17. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies the same.

18. Defendant Young admits paragraph 18.

19. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies the same.

20. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies the same.

21. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies the same.

22. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies the same.

23. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore denies the same.

24. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore denies the same.

25. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies the same.

26. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies the same.

27. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore denies the same.

28. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore denies the same.

29. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore denies the same.

30. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore denies the same.

31. Defendant Young admits and alleges that she provided as a volunteer certain bookkeeping and photo/video promotion services for the Pacer Dance Team. Defendant Young admits and alleges she understood her volunteer services were approved by the Lake Oswego School District. Defendant Young denies each and every other allegation of paragraph 31.

32. Defendant Young admits and alleges that she received $300.00 to compensate her for her time, equipment and materials related to one, all day Pacer Dance Team photo

session and preparing promotional materials from that photo session. Defendant Young denies each and every other allegation of paragraph 32.

33. Defendant Young admits that prior to the 2014-2015 academic year, she had a daughter that was a member of the Pacer Dance Team. Defendant Young denies each and every other allegation of paragraph 33.

34. Defendant Young denies paragraph 34.

35. Defendant Young denies paragraph 35.

36. Defendant Young denies paragraph 36.

37. To the extent paragraph 37 is directed against defendant Young, paragraph 37 is denied.

38. To the extent paragraph 38 is directed against defendant Young, paragraph 38 is denied.

### V.  DISTRICT POLICIES DISREGARDED BY DISTRICT AND DEFENDANTS

39. To the extent paragraph 39 is directed against defendant Young, paragraph 39 is denied.

40. Defendant Young denies paragraph 40.

41. Defendant Young denies paragraph 41.

### VI.  FACTUAL ALLEGATIONS

42. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and therefore denies the same.

43. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and therefore denies the same.

44. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore denies the same.

45. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and therefore denies the same.

46. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore denies the same.

47. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, and therefore denies the same.

48. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and therefore denies the same.

49. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, and therefore denies the same.

50. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore denies the same.

51. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, and therefore denies the same.

52. Defendant Young admits and alleges she was generally aware that team bonding and initiation events had taken place in the past and understood that members had enjoyed the past events. Defendant Young denies each and every other allegation of paragraph 52.

53. Defendant Young admits and alleges that she had frequent communications at times with defendant Nordlum regarding finance related matters, but denies each and every other allegations of paragraph 53.

54. Defendant Young denies that defendant Nordlum learned about the initiation and team bonding traditions (e.g., a game called "10 fingers") from defendant Young. Defendant Young lacks knowledge and information regarding the remaining allegations of paragraph 54, and therefore denies those allegations.

55. Defendant Young denies paragraph 55.

56. Defendant Young denies paragraph 56.

57. Defendant Young admits and alleges that Principal Schiele expressed her concerns about the Pacer Dance Team with defendant Young and inquired about defendant Young's understanding of issues that had risen regarding the Pacer Dance Team. Defendant Young denies each and every other allegations of paragraph 57.

### a. *Gearhart, Oregon Bonding Weekend*

58. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58, and therefore denies the same.

59. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and therefore denies the same.

### b. *Initiation*

60. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and therefore denies the same.

61. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and therefore denies the same.

62. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, and therefore denies the same.

63. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63, and therefore denies the same.

64. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, and therefore denies the same.

65. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, and therefore denies the same.

66. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, and therefore denies the same.

67. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67, and therefore denies the same.

68. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, and therefore denies the same.

69. Defendant Young denies paragraph 69.

70. Paragraph 70 is not directed against defendant Young, therefore no response is necessary.

71. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71, and therefore denies the same.

72. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72, and therefore denies the same.

73. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73, and therefore denies the same.

74. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74, and therefore denies the same.

75. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, and therefore denies the same.

### c. *Sunriver, Oregon Boot Camp*

76. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76, and therefore denies the same.

77. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77, and therefore denies the same.

78. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, and therefore denies the same.

79. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79, and therefore denies the same.

80. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80, and therefore denies the same.

81. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81, and therefore denies the same.

82. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82, and therefore denies the same.

83. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83, and therefore denies the same.

### d. *Retaliation, Bullying, Cyberbullying*

84. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84, and therefore denies the same.

85. Defendant Young denies paragraph 85.

86. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86, and therefore denies the same.

87. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87, and therefore denies the same.

88. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88, and therefore denies the same.

89. Defendant Young lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89, and therefore denies the same.

90. Defendant Young admits and alleges that she posted Exhibit 11 on Facebook and also exchanged text message comments with plaintiff Taissa Achcar-Winkels, one of which is Exhibit 12. Defendant Young denies each and every other allegation of paragraph 90.

### e. *District Investigation, Response, and Duties*

91. Defendant Young denies that defendant Young intentionally attacked plaintiffs publicly accusing them of being liars and wanting to destroy the Pacer Dance Team. Defendant Young lacks knowledge of information regarding the remaining allegations of paragraph 91, and therefore denies those allegations.

92. Paragraph 92 is not directed against defendant Young, therefore no response is necessary.

93. To the extent paragraph 93 is directed against defendant Young, paragraph 93 is denied.

94. To the extent paragraph 94 is directed against defendant Young, paragraph 94 is denied.

Page 10 – ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT SUZANNE YOUNG TO PLAINTIFFS' THIRD AMENDED COMPLAINT

95. Defendant Young denies paragraph 95.

96. Defendant Young denies paragraph 96.

97. To the extent paragraph 97 is directed against defendant Young, paragraph 97 is denied.

98. To the extent paragraph 98 is directed against defendant Young, paragraph 98 is denied.

99. Paragraph 99 is not directed against defendant Young, therefore no response is necessary.

100. Defendant Young denies paragraph 100.

101. Defendant Young denies paragraph 101.

102. To the extent paragraph 102 is directed against defendant Young, paragraph 102 is denied.

103. To the extent paragraph 103 is directed against defendant Young, paragraph 103 is denied.

104. To the extent paragraph 104 is directed against defendant Young, paragraph 104 is denied.

105. To the extent paragraph 105 is directed against defendant Young, paragraph 105 is denied.

106. To the extent paragraph 106 is directed against defendant Young, paragraph 106 is denied.

107. To the extent paragraph 107 is directed against defendant Young, paragraph 107 is denied.

108. Defendant Young denies paragraph 108.

109. Defendant Young denies paragraph 109.

110. Defendant Young denies paragraph 110.

111. To the extent paragraph 111 is directed against defendant Young, paragraph 111 is denied.

112. Paragraph 112 is not directed against defendant Young, therefore no response is necessary.

113. Defendant Young denies paragraph 113.

### VII.  FIRST CLAIM FOR RELIEF

### (42 U.S.C.§ 1983 – VIOLATION OF THE FIRST AMENDMENT)

### (Against District, Schiele, Nordlum, and Ashley)

114. Defendant Young incorporates the answers above to the paragraphs plaintiffs reallege in paragraph 114.

115. Paragraph 115 is not directed against defendant Young, therefore no response is necessary.

116. Paragraph 116 is not directed against defendant Young, therefore no response is necessary.

117. To the extent paragraph 117 is directed against defendant Young, paragraph 117 is denied.

118. Paragraph 118 is not directed against defendant Young, therefore no response is necessary.

119. Paragraph 119 is not directed against defendant Young, therefore no response is necessary.

120. Paragraph 120 is not directed against defendant Young, therefore no response is necessary.

121. Paragraph 121 is not directed against defendant Young, therefore no response is necessary.

122. Paragraph 122 is not directed against defendant Young, therefore no response is necessary.

123. To the extent paragraph 123 is directed against defendant Young, paragraph 123 is denied.

124. To the extent paragraph 124 is directed against defendant Young, paragraph 124 is denied.

### *VIII.  SECOND CLAIM FOR RELIEF*

### *(42 U.S.C.§ 1983 – VIOLATION OF THE FOURTEENTH AMENDMENT)*

#### *(Against District, Beck, Schiele, Lamont, Nordlum, and Ashley)*

125. Defendant Young incorporates the answers above to the paragraphs plaintiffs reallege in paragraph 125.

126. Paragraph 126 is not directed against defendant Young, therefore no response is necessary.

127. Paragraph 127 is not directed against defendant Young, therefore no response is necessary.

128. Paragraph 128 is not directed against defendant Young, therefore no response is necessary.

129. Paragraph 129 is not directed against defendant Young, therefore no response is necessary.

130. Paragraph 130 is not directed against defendant Young, therefore no response is necessary.

131. To the extent paragraph 131 is directed against defendant Young, paragraph 131 is denied.

132. To the extent paragraph 132 is directed against defendant Young, paragraph 132 is denied.

### IX.  THIRD CLAIM FOR RELIEF

### (VIOLATION OF TITLE IX, 20 U.S.C.§ 1681(a))

### (Against Defendant District)

133. Defendant Young incorporates the answers above to the paragraphs plaintiffs reallege in paragraph 133.

134. Paragraph 134 is not directed against defendant Young, therefore no response is necessary.

135. To the extent paragraph 135 is directed against defendant Young, paragraph 135 is denied.

136. Paragraph 136 is not directed against defendant Young, therefore no response is necessary.

137. Paragraph 137 is not directed against defendant Young, therefore no response is necessary.

138. Paragraph 138 is not directed against defendant Young, therefore no response is necessary.

139. Paragraph 139 is not directed against defendant Young, therefore no response is necessary.

140. Paragraph 140 is not directed against defendant Young, therefore no response is necessary.

141. Paragraph 141 is not directed against defendant Young, therefore no response is necessary.

142. Paragraph 142 is not directed against defendant Young, therefore no response is necessary.

143. Paragraph 143 is not directed against defendant Young, therefore no response is necessary.

144. Paragraph 144 is not directed against defendant Young, therefore no response is necessary.

145. Paragraph 145 is not directed against defendant Young, therefore no response is necessary.

146. Paragraph 146 is not directed against defendant Young, therefore no response is necessary.

### X.  FOURTH CLAIM FOR RELIEF

### (NEGLIGENCE)

### (Against All Defendants)

147. Defendant Young incorporates the answers above to the paragraphs plaintiffs reallege in paragraph 147.

148. To the extent paragraph 148 is directed against defendant Young, paragraph 148 is denied.

149. Defendant Young denies paragraph 149.

150. Defendant Young denies paragraph 150.

151. Defendant Young denies paragraph 151.

152. Defendant Young denies paragraph 152.

153. Defendant Young denies paragraph 153.

154. Defendant Young denies paragraph 154.

155. Defendant Young denies paragraph 155.

156. Defendant Young denies paragraph 156.

## XI.  FIFTH CLAIM FOR RELIEF

### (NEGLIGENT INFLICITON OF EMOTIONAL DISTRESS)

### (Against All Defendants)

157. Defendant Young incorporates the answers above to the paragraphs plaintiffs reallege in paragraph 157.

158. Defendant Young denies paragraph 158.

159. Defendant Young denies paragraph 159.

160. Defendant Young denies paragraph 160.

161. Defendant Young denies paragraph 161.

162. Defendant Young denies paragraph 162.

163. Defendant Young denies paragraph 163.

164. Defendant Young denies paragraph 164.

## XII.  SIXTH CLAIM FOR RELIEF

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

### (Against Nordlum, Schiele, and Young)

165. Defendant Young incorporates the answers above to the paragraphs plaintiffs reallege in paragraph 165.

166. Defendant Young denies paragraph 166.

167. Paragraph 167 is not directed against defendant Young, therefore no response is necessary.

168. Defendant Young denies paragraph 168.

### XIII.  SEVENTH CLAIM FOR RELIEF

### (FALSE IMPRISONMENT)

### (Against Nordlum)

169. Defendant Young incorporates the answers above to the paragraphs plaintiffs reallege in paragraph 169.

170. Paragraph 170 is not directed against defendant Young, therefore no response is necessary.

171. Paragraph 171 is not directed against defendant Young, therefore no response is necessary.

172. Paragraph 172 is not directed against defendant Young, therefore no response is necessary.

173. Defendant Young denies each and every allegation of plaintiffs' Third Amended Complaint not specifically admitted.

### FIRST AFFIRMATIVE DEFENSE

For a separate Answer and First Affirmative Defense, defendant Young alleges:

174. Plaintiffs failed to state a claim against defendant Young upon which relief can be granted.

## *SECOND AFFIRMATIVE DEFENSE*

For a separate Answer and Second Affirmative Defense, defendant Young alleges:

175. This Court lacks subject-matter jurisdiction as to defendant Young.

## *THIRD AFFIRMATIVE DEFENSE*

For a separate Answer and Third Affirmative Defense, defendant Young alleges:

176. At all material times, plaintiff Taissa Achcar-Winkels acted in the same capacity as defendant Young as a volunteer for the Pacer Dance Team.

177. Any injuries or damages any plaintiff suffered was caused or contributed by the negligent conduct of plaintiff parents in one or more of the following particulars:

a. Plaintiff Taissa Achcar-Winkels had the opportunity, but failed to act as a chaperone to the team bonding trip to Gearhart alleged in paragraph 54, when Taissa Achcar-Winkels was aware that team members had played the game called "10 fingers" at prior team bonding events.

b. Plaintiff Taissa Achcar-Winkels alleges in paragraph 54 that she was aware of prior initiation traditions, yet she failed to take steps necessary to prevent any offensive conduct from occurring at the subject initiation prior to that event. Plaintiff Taissa Achcar-Winkels climbed into a tree and watched and videoed the initiation activities alleged in paragraphs 64-68, instead of climbing down from the tree and stopping the activities or calling law enforcement, Pacer Dance Team coaches, school officials or other parents to assist in preventing the offensive activities from continuing.

c. Plaintiff Taissa Achcar-Winkels deleted the video instead of sharing it with school administration.

d.  Plaintiff parents directed the school administration not to investigate the initiation event contrary to alleged Lake Oswego School District policies.

e.  Plaintiff Taissa Achcar-Winkels assisted with planning and transportation of Pacer Dance Team members to the Sunriver event alleged in paragraphs 76-83, and allowed plaintiff S.A. to attend that event, when paragraphs 58, 61 and 71 allege that the prior Gearhart event and initiation event had been intended to and did terrorize, humiliate, endanger, bully, harass and assault and batter plaintiff S.A.

f.  Plaintiff Taissa Achcar-Winkels reported to defendant Young that plaintiff S.A. had a "blast" at the Sunriver event.

g.  Plaintiff parents failed to notify the school administration that between September 2, 2014 up until September 22, 2014, when plaintiff S.A. quit the team, plaintiff S.A. was allegedly being subjected to bullying, harassment and retaliatory conduct by coaches and other team members.

h.  Plaintiff Taissa Achcar-Winkels misrepresented to defendant Kayla Nordlum and others that she supported defendant Nordlum's decisions with regard to certain Pacer Dance Team program, and plaintiff S.A.'s position on the team.

### FOURTH AFFIRMATIVE DEFENSE

For a separate Answer and Fourth Affirmative Defense, defendant Young alleges:

178.  To the extent plaintiffs allege defendant Young was an agent of the Lake Oswego School District, she is qualifiedly immune from some or all of plaintiffs' claims.

179.  Plaintiffs' claims are subject to the conditions, limitations and immunities as set forth in the Oregon Torts Claims Act, ORS 30.260, *et. seq.*

180. To the extent plaintiffs allege defendant Young was an agent of the Lake

Oswego School District, she has been improperly included as a defendant and the only

proper defendant is Lake Oswego School District.

## *NOTICE OF CLAIM FOR ATTORNEY'S FEES*

Defendant Young is entitled to her attorney fees and litigation costs pursuant to

42 U.S.C.§ 1988.

DATED this 28th day of September, 2015.

MacMILLAN SCHOLZ & MARKS, P.C.


By:___/s/ *Robert D. Scholz*_____
   ROBERT D. SCHOLZ – OSB #773379
   900 SW 5th Avenue, Suite 1800
   Portland, Oregon  97204
   Telephone:  (503) 224-2165
   rscholz@msmlegal.com
   Attorney for Defendant Suzanne Young

1

## CERTIFICATE OF SERVICE

2       I HEREBY CERTIFY that I served the foregoing **ANSWER AND AFFIRMATIVE
**   **DEFENSES OF DEFENDANT SUZANNE YOUNG TO PLAINTIFFS' THIRD
**3   **AMENDED COMPLAINT** upon the following attorneys on the 28th day of September, 2015,
   by:

4
          [X]   mailing with postage prepaid;
5         [ ]   facsimile transmission;
          [X]   e-mail
6

7   Leta E. Gorman/Diane R. Lenkowsky
   Jordan Ramis, PC
8   Two Centerpointe Drive, 6th Floor
   Lake Oswego, Oregon 97035
9   Facsimile: 598-7373
     *Attorneys for Plaintiffs*
10

11  Karen M. Vickers/Blake H. Fry
   Mersereau Shannon, LLP
12  1 SW Columbia Street, Suite 1600
   Portland, Oregon 97258
13  Facsimile: 226-0383
     *Attorneys for Defendants Lake Oswego School District,*
14    *Heather Beck, Jennifer Schiel and Ian Lamont*

15  Lucas W. Reese
   Garrett Hermann Robertson, PC
16  1011 Commercial Street NE
   Salem, Oregon 97301
17  Facsimile: 503-581-5891
     *Attorneys for Defendants Kayla Nordlum and Ashley Nordlum*
18

19  Kristin M. Asai/Matthew A. Levin
   Markowitz Herbold, PC
20  1211 SW 5th Avenue, Suite 3000
   Portland, Oregon 97204
21  Facsimile: 332-9015
     *Attorneys for Defendant Suzanne Young*

22
          DATED this 28th day of September, 2015.
23

24                                    /s/ *Robert D. Scholz*
                                      ROBERT D. SCHOLZ      #773379
25                                    Of Attorney for Defendant
                                      Suzanne Young

Page

   1 –  CERTIFICATE OF SERVICE