**KAREN M. VICKERS,** OSB No. 913810
kvickers@mershanlaw.com
**BLAKE H. FRY,** OSB No. 100128
bfry@mershanlaw.com
MERSEREAU SHANNON LLP
One SW Columbia Street, Suite 1600
Portland, Oregon 97258-2089
Telephone: 503.226.6400
Facsimile: 503.226.0383

    Of Attorneys for Defendants Lake Oswego
    School District, Heather Beck, Jennifer
    Schiele and Ian Lamont

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| TAISSA AND RAY ACHCAR-WINKELS, individually and as Parents and Next Friends of S.A., a minor,<br><br>    Plaintiffs,<br><br>v.<br><br>LAKE OSWEGO SCHOOL DISTRICT; an Oregon municipal corporation; HEATHER BECK, an individual; JENNIFER SCHIELE, an individual; IAN LAMONT, an individual; KAYLA NORDLUM, an individual; ASHLEY NORDLUM, an individual; SUZANNE YOUNG, an individual; and UNKNOWN STAFF, unknown individuals,<br><br>    Defendants. | Case No. 3:15-cv-00385-ST<br><br>DEFENDANTS LAKE OSWEGO SCHOOL DISTRICT, HEATHER BECK, JENNIFER SCHIELE AND IAN LAMONT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT |

For their answer to Plaintiff's Third Amended Complaint, Defendants Lake Oswego School District, Heather Beck, Jennifer Schiele and Ian Lamont ("District Defendants") admit, deny, and allege as follows:

1.

Neither admit nor deny paragraph 1 as it does not contain an allegation of fact.

2.

Deny paragraph 2.

3.

Admit that Plaintiff S.A. is no longer a member of the Pacer Dance Team ("PDT") but deny the remainder of paragraph 3.

4.

Deny paragraph 4.

5.

Deny paragraph 5.

6.

Deny paragraph 6.

7.

Admit that Defendant Jennifer Schiele sent an email on January 4, 2015, to members of the PDT but deny the remainder of paragraph 7.

8.

Deny paragraph 8.

9.

Deny paragraph 9.

10.

Deny paragraph 10.

11.

PAGE 2 -    DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Deny paragraph 11.

12.

Deny paragraph 12.

13.

Admit that this court has original jurisdiction over Plaintiffs' federal claims.

14.

Admit that this court has supplemental jurisdiction over Plaintiffs' state law claims.

15.

Admit that venue is proper in this court.

16.

Admit paragraph 16.

17.

Admit paragraph 17.

18.

Admit that Defendant District is a public body as defined by ORS 30.260(4) with its principal place of business located in Lake Oswego, Oregon.

19.

Admit paragraph 19.

20.

Admit that Defendant Heather Beck is the Superintendent of the Lake Oswego School District with the duties and responsibilities of that position but deny the remainder of paragraph 20.

21.

PAGE 3 -    DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Neither admit or deny paragraph 21 as it contains a legal conclusion and not an allegation of fact.

22.

Admit that Defendant Jennifer Schiele is an employee of the Lake Oswego School District and was at all times employed by the District as the Principal of Lakeridge High School and has the duties and responsibilities of that position but deny the remainder of paragraph 22.

23.

Neither admit or deny paragraph 23 as it is a conclusion of law rather than an allegation of fact.

24.

Admit that Defendant Ian Lamont was employed by the District as the Athletic Director of Lakeridge High School and had the duties and responsibilities of that position but deny the remainder of paragraph 24.

25.

Neither admit or deny paragraph 25 as it contains a conclusion of law rather than an allegation of fact.

26.

Neither admit or deny paragraph 26 as it does not apply to the District Defendants.

27.

Neither admit or deny paragraph 27 as it does not apply to the District Defendants.

28.

Neither admit or deny paragraph 28 as it does not apply to the District Defendants.

29.

Neither admit or deny paragraph 29 as it does not apply to the District Defendants.

30.

Neither admit or deny paragraph 30 as it does not apply to the District Defendants.

31.

Neither admit or deny paragraph 31 as it does not apply to the District Defendants.

32.

Neither admit or deny paragraph 32 as it does not apply to the District Defendants.

33.

Neither admit or deny paragraph 33 as it does not apply to the District Defendants.

34.

Deny that Defendant Young discussed initiation traditions for the PDT with Defendant Schiele and lack sufficient knowledge or information to admit or deny the remainder of paragraph 34, and therefore deny the same.

35.

Neither admit or deny paragraph 35 as it does not apply to the District Defendants.

36.

Neither admit or deny paragraph 36 as it does not apply to the District Defendants.

37.

Neither admit or deny paragraph 37 as it does not apply to the District Defendants.

38.

Neither admit or deny paragraph 38 as it does not apply to the District Defendants.

39.

Admit that the Lake Oswego School District has policies the contents of which speak for

PAGE 5 -    DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

themselves.

40.

Deny paragraph 40.

41.

Deny paragraph 41.

42.

Admit paragraph 42.

43.

Lack sufficient knowledge to admit or deny paragraph 43, and therefore deny the same.

44.

Admit that in May 2014, when Plaintiff S.A. was in middle school she auditioned for a spot on the PDT but lack sufficient knowledge to admit or deny the remainder of paragraph 44, and therefore deny the same.

45.

Admit that Plaintiff S.A. auditioned for and was selected to be a member of the PDT but lack sufficient knowledge to admit or deny the remainder of paragraph 45, and therefore deny the same.

46.

Deny paragraph 46.

47.

Deny paragraph 47.

48.

Admit that Plaintiff S.A. attended PDT events in Gearhart, Oregon, Lake Oswego, Oregon and

PAGE 6 -    DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Sunriver, Oregon.

49.

Deny paragraph 49.

50.

Deny paragraph 50.

51.

Deny paragraph 51.

52.

Neither admit or deny paragraph 52 as it does not apply to the District Defendants.

53.

Neither admit or deny paragraph 53 as it does not apply to the District Defendants.

54.

Neither admit or deny paragraph 54 as it does not apply to the District Defendants.

55.

Neither admit or deny paragraph 55 as it does not apply to the District Defendants.

56.

Deny paragraph 56.

57.

Deny paragraph 57.

58.

Lack sufficient knowledge or information to admit or deny paragraph 58, and therefore deny the same.

MERSEREAU SHANNON LLP
ONE SW COLUMBIA STREET, SUITE 1600
PORTLAND, OREGON 97258-2014
(503) 226-6400

59.

Lack sufficient knowledge or information to admit or deny paragraph 59, and therefore deny the same.

60.

Lack sufficient knowledge or information to admit or deny paragraph 60, and therefore deny the same.

61.

Lack sufficient knowledge or information to admit or deny paragraph 61, and therefore deny the same.

62.

Lack sufficient knowledge or information to admit or deny paragraph 62, and therefore deny the same.

63.

Lack sufficient knowledge or information to admit or deny paragraph 63, and therefore deny the same.

64.

Lack sufficient knowledge or information to admit or deny paragraph 64, and therefore deny the same.

65.

Lack sufficient knowledge or information to admit or deny paragraph 65, and therefore deny the same.

66.

Lack sufficient knowledge or information to admit or deny paragraph 66, and therefore deny the same.

67.

Lack sufficient knowledge or information to admit or deny paragraph 67, and therefore deny the same.

68.

Lack sufficient knowledge or information to admit or deny paragraph 68, and therefore deny the same.

69.

Deny that Defendant Schiele knew about the activities in advance of the evening but did nothing as alleged in paragraph 69. Lack sufficient knowledge or information to admit or deny the remainder of paragraph 69, and therefore deny the same.

70.

Deny that paragraph 70.

71.

Deny that paragraph 71.

72.

Lack sufficient knowledge or information to admit or deny paragraph 72, and therefore deny the same.

73.

Lack sufficient knowledge or information to admit or deny paragraph 73, and therefore deny the same.

PAGE 9 -    DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

74.

Lack sufficient knowledge or information to admit or deny paragraph 74, and therefore deny the same.

75.

Lack sufficient knowledge or information to admit or deny paragraph 75, and therefore deny the same.

76.

Lack sufficient knowledge or information to admit or deny paragraph 76, and therefore deny the same.

77.

Lack sufficient knowledge or information to admit or deny paragraph 77, and therefore deny the same.

78.

Lack sufficient knowledge or information to admit or deny paragraph 78, and therefore deny the same.

79.

Lack sufficient knowledge or information to admit or deny paragraph 79, and therefore deny the same.

80.

Lack sufficient knowledge or information to admit or deny paragraph 80, and therefore deny the same.

81.

MERSEREAU SHANNON LLP
ONE SW COLUMBIA STREET, SUITE 1600
PORTLAND, OREGON 97258-2014
(503) 226-6400

Lack sufficient knowledge or information to admit or deny paragraph 81, and therefore deny the same.

82.

Lack sufficient knowledge or information to admit or deny paragraph 82, and therefore deny the same.

83.

Lack sufficient knowledge or information to admit or deny paragraph 83, and therefore deny the same.

84.

Lack sufficient knowledge or information to admit or deny paragraph 84, and therefore deny the same.

85.

Lack sufficient knowledge or information to admit or deny paragraph 85, and therefore deny the same.

86.

Lack sufficient knowledge or information to admit or deny paragraph 86, and therefore deny the same.

87.

Lack sufficient knowledge or information to admit or deny paragraph 87, and therefore deny the same.

88.

Deny that Defendant Schiele made an intentional decision to do nothing at any time.  Lack

sufficient knowledge to admit or deny the remainder of paragraph 88 and therefore deny the same.

89.

Deny paragraph 89.

90.

Lack sufficient knowledge or information to admit or deny paragraph 90 and therefore deny the same.

91.

Admit that Defendant District requested that the Hungerford Law firm conduct an investigation into Plaintiffs' complaints, but deny the remainder of paragraph 91.

92.

Deny paragraph 92.

93.

Deny paragraph 93.

94.

Deny paragraph 94.

95.

Deny paragraph 95.

96.

Deny paragraph 96.

97.

Deny paragraph 97.

98.

PAGE 12 -      DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Deny paragraph 98.

99.

Deny paragraph 99.

100.

Deny paragraph 100.

101.

Deny paragraph 101.

102.

Deny paragraph 102.

103.

Deny paragraph 103.

104.

Deny paragraph 104.

105.

Deny paragraph 105.

106.

Deny paragraph 106.

107.

Deny paragraph 107.

108.

Deny paragraph 108.

109.

PAGE 13 -     DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Deny paragraph 109.

110.

Deny paragraph 110.

111.

Deny paragraph 111.

112.

Deny paragraph 112.

113.

Deny paragraph 113.

114.

Except as admitted above, District Defendants deny each and every remaining allegation of Plaintiffs' Complaint and the whole thereof.

## FIRST DEFENSE

### (Failure to State a Claim)

115.

Plaintiffs fail to allege sufficient facts to constitute a claim against Defendant Lake Oswego School District.

## SECOND DEFENSE

### (Failure to State a Claim)

116.

Plaintiffs fail to allege sufficient facts to constitute a claim against Defendant Heather Beck.

## THIRD DEFENSE

**(Failure to State a Claim)**

117.

Plaintiffs fail to allege sufficient facts to constitute a claim against Defendant Jennifer Schiele.

**FOURTH DEFENSE**

**(Failure to State a Claim)**

118.

Plaintiffs fail to allege sufficient facts to constitute a claim against Defendant Ian Lamont.

**FIFTH DEFENSE**

**(Qualified Immunity)**

119.

To the extent that a claim for relief is stated against individual Defendant Heather Beck, she is entitled to qualified immunity.

**SIXTH DEFENSE**

**(Qualified Immunity)**

120.

To the extent that a claim for relief is stated against individual Defendant Jennifer Schiele, she is entitled to qualified immunity.

**SEVENTH DEFENSE**

**(Qualified Immunity)**

121.

To the extent that a claim for relief is stated against individual Defendant Ian Lamont, he is entitled to qualified immunity.

PAGE 15 -    DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

## EIGHTH DEFENSE

### (Oregon Tort Claims Act)

122.

District Defendants are entitled to the defenses, immunities and limitations set forth in the Oregon Tort Claims Act against Plaintiffs' state law claims. Any claim for damages by Plaintiffs in connection with any state law claim is limited by the caps on damages set forth in the Oregon Tort Claims Act.

## NINTH DEFENSE

### (ORS 30.265(2))

123.

Pursuant to ORS 30.265(2) Defendants Heather Beck, Jennifer Schiele and Ian Lamont are not proper defendants to Plaintiffs' state law claims.

WHEREFORE, having fully answered Plaintiffs' Third Amended Complaint, District Defendants pray for judgment in their favor and for costs and disbursements and any and all relief as the court may deem proper.

DATED: October 1, 2015.

MERSEREAU SHANNON LLP

*s/ Karen M. Vickers*
**KAREN M. VICKERS,** OSB No. 913810
kvickers@mershanlaw.com
**BLAKE H. FRY,** OSB No. 100128
bfry@mershanlaw.com

PAGE 16 -    DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

       503.226.6400
        Of Attorneys for Defendants Lake Oswego
        School District, Heather Beck, Jennifer
        Schiele and Ian Lamont